IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jill Clark, for herself and as Class Representative, Jill Clark, LLC, Jill Clark, P.A., Peggy Katch, Michelle Gross, David Bicking, Trisha Farkarlun, Nicole Yzaguirre, Eric Yzaguirre, Paul Stepnes, and Chester House, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>Hennepin County Court, n/k/a Fourth Judicial District, Minnesota, the Minnesota Court of Appeals, the Minnesota Supreme Court, the Minnesota Lawyers Board, the Minnesota Office of Lawyers Professional Responsibility, Craig Klausing, in his individual and official capacity as OLPR Director, Jane Roe #1, Judith Rush (or her successor), in her capacity as Chair of the LB or her successor, Mark B. Unger, in his capacity as Vice Chair of the LB, Robert A. Blaeser in his individual capacity, and his official capacity, the Responsible Person for the state court(s), Sue Dosal in her official capacity as Court Administrator, Lucy Wieland, in her individual capacity and as an individual, Michael J. Davis, in his individual capacity, Paul Scoggin, in his individual capacity, John Roes 1–50, John Roes 51–100,<br><br>    Defendants. | 12-cv-3089<br><br><br><br>ORDER |

On December 7, 2012, attorney Jill Clark ("Clark") filed the above-captioned putative class action on behalf of herself and various other individuals and entities. On January 16, 2013, however, the Minnesota Supreme Court temporarily suspended Clark's license to practice law. *See* Case No. 0-13-mc-00005, Clerk's No. 1 at 1. On January 17, 2013, pursuant to Local Rule

83.6(b), this Court followed suit, finding Clark "ineligible to practice law before this court during the same period that she is prohibited from practicing law by the Minnesota Supreme Court." *Id*. at 2.

In light of her suspension, Clark's role in this action is now limited to that of pro se litigant. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as . . . the rules of such courts . . . permit[.]"); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (finding that artificial business entities may only be represented in court by licensed counsel); *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (person without a license to practice law may not represent another individual in federal court); *see also* Fed. R. Civ. P. 11(a) (providing that every filed document must be signed by "at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented"). Correspondingly, all other named Plaintiffs must obtain alternate representation, or proceed in this matter pro se.

For these reasons, Jill Clark's status in the above-captioned case is hereby converted to that of pro se litigant. The other individually named Plaintiffs (Peggy Katch, Michelle Gross, David Bicking, Trisha Farkarlun, Nicole Yzaguirre, Eric Yzaguirre, and Paul Stepnes) must, no later than March 8, 2013, have new counsel enter an appearance on their behalf or file a statement with the Court expressing an intent to proceed pro se. Pursuant to *Rowland*, the professional entities named in the caption (Jill Clark, LLC, Jill Clark, P.A, and Chester House,

LLC) must, no later than March 8, 2013, have new counsel enter an appearance on their behalf. In the event either an individual or a professional-entity Plaintiff fails to comply with this Order by the designated date, their claims will be promptly dismissed without prejudice.

Pursuant to the Minnesota Rules on Lawyers Professional Responsibility, Clark should already have notified her clients that her license to practice law has been suspended. *See* MRLPR, Rule 26(b). Clark is hereby additionally ORDERED to provide a copy of this Order to all named Plaintiffs in this action, urging them to promptly comply with its terms by obtaining substitute counsel or by entering a pro se appearance.[1]

IT IS SO ORDERED.

Dated this __7th__ day of February, 2013.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

---

[1] The Court will liberally grant requests for extensions of time to answer or make Federal Rule of Civil Procedure 12 motions for any Defendant that has been or is served with a copy of the Summons and Complaint prior to clarification of the various Plaintiffs' continued position in this litigation.